UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY GANT<br>　　Plaintiff,<br><br>v.<br><br>SUN TRUST BANK<br>　　Defendant. | ]<br>]<br>]<br>]　　No. 3:12-0980<br>]　　JUDGE HAYNES<br>]<br>] |

ORDER

Before the Court is a *pro se* complaint (Docket Entry No. 1) and an application to proceed *in forma pauperis* (Docket Entry No. 2). A review of his application reflects that Plaintiff lacks sufficient financial resources from which to pay the fee required to file his complaint. Therefore, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a). However, process shall **NOT** issue.

Plaintiff alleges that he has a checking account at Sun Trust Bank and his account was overdrawn for which the Defendant charged him overdraft fees. Plaintiff alleges that the overdraft fees in the amount of $246.96 were excessive. Although not named as parties, Plaintiff seeks $2 million in damages from each of two bank employees.

A threshold issue is whether Plaintiff has shown that the Court has subject matter jurisdiction over Plaintiff's claim. Perkins, Inc. v. Werner and Pfleiderer Corp., 710 F.2d 1561, 1565 (D.C. Cir.1983). A district court must consider its jurisdiction, *sua sponte*, if necessary. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985).

As applicable here, the Court's jurisdiction arguably extends to claims involving a federal question, 28 U.S.C. § 1331, or claims involving parties with diversity of citizenship. 28 U.S.C. §

1332. Plaintiff's complaint mentions the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12201 et seq., but does not assert any factual allegations suggestive that ADA applies to his claim. Plaintiff also refers to the Eighth Amendment's excessive clause that applies to governmental actors, not private actor, as the Defendant. Assuming the parties are diverse, Plaintiff's claims present contractual dispute with his bank involving $247. For diversity jurisdiction, Plaintiff bears the burden that amount in controversy exceeds $75,000. Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006). The Court concludes that Plaintiff's complaint does not present a controversy exceeding $75,000, as required by 28 U.S.C. § 1332 notwithstanding his request for damages of $2 million dollars from unnamed parties. The Court concludes that the Court lacks jurisdiction over Plaintiff's claim.

Accordingly, this action is hereby **DISMISSED** for lack of subject matter jurisdiction. Rule 12(h)(3), Fed. R. Civ. P., without prejudice to any state law claims.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 27th day of September, 2012.

WILLIAM J. HAYNES, JR.
Chief United States District Judge